UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:89-CR-4-T-17TGW

JEFFREY EUGENE LEE.

_____/

ORDER

This cause is before the Court on:

| Dkt. 1133 | Motion for Reduction of Sentence Pursuant to Section 404(b) of the First Step Act of 2018 |
| --- | --- |
| Dkt. 1142 | First Step Memorandum |
| Dkt. 1147 | Amended First Step Memorandum |
| Dkt. 1148 | Response |
| Dkt. 1149 | Reply |
| Dkt. 1154 | Notice of New Authority |

Defendant Jeffrey Eugene Lee moves for a sentence reduction pursuant to Section 404(b) of the First Step Act of 2018. Defendant Lee argues that Defendant's current sentence of mandatory life imprisonment exceeds the mandatory minimum penalty authorized by the Fair Sentencing Act, made retroactive by the First Step Act. Defendant requests a reduction in sentence based on Defendant's post-conviction rehabilitation.

The Government asserts that Defendant Lee is not eligible for a reduction of sentence as to Count 1 because the statutory penalty is not affected by the First Step Act, given that the crack cocaine attributable to Defendant Lee, 3845 grams, exceeds the 280-gram threshold required to trigger penalties under 21 U.S.C. Sec. 841(b)(1)(A).

The Government agrees that Defendant Lee is eligible for a sentence reduction as to Count 15, but opposes Defendant's Lee's Motion, in light of the extensive nature of Defendant Lee's crack cocaine conspiracy and prison disciplinary record.

I.  Background

In Count 1 of the Superseding Indictment, Defendant Jeffrey Eugene Lee, with eight other co-conspirators, was charged with conspiracy to possess with intent to distribute, and to distribute quantities of a mixture and substance containing cocaine base, in violation of 21 U.S.C. Sec. 846. (Dkt. 100),

In Count 15 of the Superseding Indictment, Defendant Jeffrey Eugene Lee was charged with distribution of 50 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). (Dkt. 100).

The Government filed An Information and Notice of Prior Convictions prior to trial. (Dkt. 879-30). The Notice states that if Defendant is convicted on Count 1, and it is determined that Defendant has at least two prior convictions pursuant to 21 U.S.C. Sec. 851, Defendant must be sentenced to life imprisonment without parole. The Notice alleges two prior convictions, felony possession of marijuana in Pinellas Count, Florida, Case No. 85031675CFA, and possession of cocaine in Pinellas County Circuit Court, Case No. CRC88-00977CFANO-I.

Defendant Jeffrey Eugene Lee proceeded to trial, and was found guilty on Counts 1 and 15. (Dkt. 475). Defendant Lee was sentenced on July 23, 1992 to life imprisonment on Counts 1 and 15, to be followed by a 10-year term of supervised release, and a special assessment fee of $100.00. (Dkts. 502, 504). Evidence and trial testimony established 3,845 grams of crack cocaine were distributed by the Lee organization during the conspiracy. (Dkt. 1148, pp. 2-3; Dkts. 483, 484). There was no special verdict on drug quantity. (Dkt. 879-22).

The U.S. Probation Office converted the conspiracy's crack cocaine quantity to cocaine, added that conversion to a quantity of seized cocaine, and determined the total equivalent weight was 380.1 kilograms of cocaine, with a base offense level of 36. (PSR, par. 23). The U.S. Probation Office applied a 2-level firearm enhancement, a 4-level organizer enhancement, and a 2-level obstruction enhancement. (PSR., pars. 24, 26, 27). Defendant Lee's total offense level exceeded level 43, so 43 became the

operative offense level. (PSR, par. 30.) Defendant Lee faced a guidelines range of life imprisonment based on his total offense level of 43 and criminal history category of III. (PSR, pars. 30, 37, 45). Defendant Lee also faced a statutorily enhanced sentence of life imprisonment based on Defendant's prior convictions. (Dkt. 459, PSR, par. 43).

At sentencing, Defendant Lee objected to the amount of drugs used to establish Defendant's base offense level; the firearm enhancement, the obstruction of justice enhancement, the adjustment for role in the offense, and the district court's reliance of Defendant's guilty plea to possession of cocaine as a prior conviction for the purpose of enhancing Defendant Lee's sentence to life imprisonment.

At sentencing, the Court found that the PSR accurately attributed the conspiracy's total drug weight to Defendant Lee. (Dkt. 508, pp. 19-22). The Court adopted the factual statements of the PSR, overruled Defendant Lee's objections, and determined that both guidelines and statutory imprisonment ranges were life. (Dkt. 508, p. 36). Defendant Lee was sentenced to two concurrent terms of life imprisonment. The sentencing guidelines and statutory penalties both authorized life imprisonment, and the Court found that term to be appropriate, stating:

> "And as far as I am concerned, in this case, the amount of cocaine that was involved or crack that was involved is such that he deserves a life sentence, if he did it. And according to the Jury and from what I heard, there was no doubt that he was involved."

(Dkt. 508. p. 44).

Defendant Lee pursued a direct appeal. (Dkt. 503). The Eleventh Circuit affirmed. (Dkt. 597).

Defendant Lee filed a Section 2255 Petition. (Dkt. 758). The Court denied the Petition. (Dkt. 764). Defendant Lee appealed the denial. The Eleventh Circuit dismissed the appeal. (Dkt. 788).

Defendant Lee filed a petition for writ of error coram nobis, which the Court construed as a Section 2255 Petition. (Dkt. 839). The Court dismissed Defendant's Petition. (Dkt. 840).

Defendant Lee again filed a petition for writ of error coram nobis, which the Court construed as a Section 2255 Petition. (Dkt. 842). The Court dismissed Defendant's Petition. (Dkt. 843).

Defendant Lee moved for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(6). (Dkt. 846). The Court denied the Motion. (Dkt. 847). The Court further denied Defendant's Motion for a certificate of appealability and denied leave to proceed IFP. (Dkt. 853). The Eleventh Circuit denied Defendant's request for a certificate of appealability. (Dkt. 856).

Defendant Lee moved to vacate the judgment as void pursuant to Rule 60(b)(4). (Dkt. 859). The Court denied the Motion. (Dkt. 860). The Court further denied Defendant Lee's Motions for specific findings and to alter or amend the judgment. (Dkt. 863). The Court denied Defendant's Motion for Reconsideration. (Dkt. 865). The Court denied Defendant Lee's Motion for a certificate of appealability (Dkt. 869) and denied leave to proceed IFP. (Dkt. 871). The Eleventh Circuit denied Defendant's request for a certificate of appealability. (Dkt. 872).

The Eleventh Circuit reinstated Defendant Lee's appeal. (Dkt. 875). The appeal was later dismissed for lack of prosecution. (Dkt. 877).

On March 13, 2009, the Court, *sua sponte*, directed a response to the retroactive application of Amendment 706 to Defendant Lee. (Dkt. 960). The Court concluded that Defendant Lee was not eligible for a sentence reduction. (Dkt. 978). Defendant Lee appealed the denial. The Eleventh Circuit affirmed. (Dkt. 998).

Defendant Lee moved for the return of property. (Dkt. 1032). The Court denied Defendant's Motion. (Dkt. 1038). Defendant Lee appealed the denial. The Eleventh Circuit affirmed. (Dkt. 1076).

Defendant Lee moved to "close escrow," for reconsideration, and to acknowledge bond in a civil case. The Court denied Defendant Lee's Motions. (Dkt. 1077, 1080, 1084). The Court denied leave to proceed IFP. (Dkt. 1086). The Eleventh Circuit affirmed. (Dkts. 1089, 1091).

Defendant Lee again filed a Section 2255 Petition. (Dkt. 1117). The Court dismissed the Petition. (Dkt. 1118).

The Court appointed counsel to represent Defendant Lee for the purpose of a sentence reduction pursuant to Section 404 of the First Step Act of 2018. Defendant Lee sought leave to proceed *pro se*, which the Court granted. (Dkt. 1140).

The United States Probation Office has filed an Amended First Step Memorandum which indicates that Defendant Lee is partially eligible for relief under the First Step Act of 2018. The Probation Office indicates that the only effect of the retroactive application of the Fair Sentencing Act of 2010 is to provide for a term of supervised release for Count 1, and to reduce the term of supervised release on Count 15 to 8 years. The Probation Office indicates that the imprisonment guideline range is unaffected due to the mandatory term of life imprisonment for Count 1.

**Statutory Provisions:**

| Original Statutory Provisions: | | Reduced Statutory Provisions | |
|---|---|---|---|
| Cts. 1 and 15: 21 U.S.C. Sec. 841(b)(1)(A) | | Ct. 1: 21 U.S.C. Sec. 841(b)(1)(A)<br>Ct. 15: 21 U.S.C. Sec. 841(b)(1)(B) | |
| Imprisonment: | Ct. 1: Life<br>Ct. 15: 20 years to Life | Imprisonment: | Ct. 1: Life<br>Ct. 15: 10 years to Life |
| Supervised Release: | Ct. 1: None<br>Ct. 15: at least 10 years | Supervised Release: | Ct. 1: at least 10 years<br>Ct. 15: at least 8 years |
| Fine: | Ct. 1: $8,000,000<br>Ct. 15: $8,000,000 | Fine: | Ct. 1: $8,000,000<br>Ct. 15: $4,000,000 |

Enhanced Penalties apply pursuant to Sec. 851:   Yes.

**Guideline Provisions:**

| Last Applied Guideline: | | Amended Guideline: | |
|---|---|---|---|
| Total Offense Level: | 43 | Total Offense Level: | 42 |
| Criminal History Category: | III | Criminal History Category: | III |
| Imprisonment Range: | Life | Imprisonment Range: | Life |
| Supervised Release Range: | Ct. 1: None<br>Ct. 15: 10 years | Supervised Release Range: | Ct. 1: 10 years<br>Ct. 15: 8 years |
| Fine Range: | $25,000 to $16,000,000 | Fine Range: | $25,000 to $12,000,000<br>(incorporating Amendments 706, 750, 782). |

Career Offender provisions of USSG Sec. 4B1.1 Apply:   No.

(Dkt. 1147, p. 2).

2.   Discussion

A.   Eligibility

Defendant Lee argues that Defendant Lee's current sentence of mandatory life imprisonment exceeds the mandatory minimum penalty authorized by Fair Sentencing Act, which was made retroactive by the First Step Act. Defendant Lee further argues that Defendant Lee has made significant efforts toward post-conviction rehabilitation.

In the Reply, Defendant Lee argues that the only reason that Defendant Lee received a mandatory life sentence on both Counts was because the Indictment charged a conspiracy to distribute more than 50 grams of crack. Because the Fair Sentencing Act retroactively changed the law to require that a defendant be charged with distributing more than 280 grams or more of crack in order to trigger the mandatory life recidivist provision of 21 U.S.C. Sec. 841(b)(1)(A), Defendant Lee argues that he is now eligible for relief under the Fair Sentencing Act.

The Government asserts that Defendant Lee is not eligible for a reduction of sentence as to Count 1 because the statutory penalty of Defendant Lee's conspiracy is unaffected by the First Step Act. The Government argues that Count 1 involved over 3,800 grams of crack cocaine, which exceeds the 280-gram threshold required to trigger penalties under 21 U.S. Sec. 841(b)(1)(A). (Dkt. 1148), p. 4).

The Government also asserts that Section 404 of the First Step Act of 2018 modifies the penalty provision applicable to Defendant Lee's conviction as to Count 15 only, lowering the statutory penalty provision from 20 years to life, 2 U.S.C. Sec. (b)(1)(A) to 10 years to life, 21 U.S.C. Sec. 841(b)(1)(B). The Government opposes a reduction of the sentence imposed as to Count 15 in light of the extensive nature of Defendant Lee's crack cocaine conspiracy and prison disciplinary record.

Application of the First Step Act of 2018 includes the determination of eligibility, and then the determination of whether the Court will exercise its discretion to reduce a defendant's sentence, and the manner in which that discretion applies to the particular defendant. *See **United States v. Boulding,** 379 F.Supp.3d 646 (W.D. Mich. 2019); **United States v. Norman**, 398 F.Supp.3d 191 (W.D. Mich. 7/23/2019).* Opinions differ as to how eligibility is determined. Some courts determine eligibility based on the offense of conviction and then evaluate drug quantity, career offender status under the U.S.S.G., changes in the guideline ranges, and post-sentencing conduct in determining whether to exercise the discretion to reduce or modify a defendant's sentence. *See **United States v. Norman,** 398 F.Supp.3d 191. 197 (W.D. Mich. 7/23/2019); **United States v. Pierre**, 2019 WL 1495123 (D.R.I. 4/5/2019)*(sentencing court should look to whether offense of conviction was modified by Fair Sentencing Act of 2010 and should refrain from delving into the record); ***United States v. Dodd**, 2019 WL 1529516 (S.D. Iowa 4/9/2019)*(First Step Act applies to offenses not conduct); ***United States v. Davis**, 2019 WL 1054554 (W.D. N.Y. 3/6/2019).*

Defendant Lee cites ***United States v. Wirsing,** 2019 WL 6139017 (4th Cir. 11/20/2019)* in support of the "indictment controls" theory.

The Government disagrees with the determination of eligibility based on the offense of conviction only. The Government argues that the "indictment controls theory misreads

the statute and is demonstrably inconsistent with Congress's intent." ***United States v. Blocker***, 2019 WL 2051957, *3, (N.D. Fla. April 25, 2019). However, the Government recognizes that other courts have concluded that the determination of whether the Fair Sentencing Act modified the statutory penalties should be made based on the threshold quantity charged and not the quantity established by the record. (Dkt. 1148, pp.9, 13).

After consideration, the Court finds that the "indictment controls" manner of determining eligibility has become the majority view, and the view that actual conduct controls is in the minority. ***See, e.g., United States v. White***, 2019 WL 3228335 (S.D. Texas 7/17/2019)(collecting cases). Therefore, in determining eligibility, the Court will look to the offense charged in the Indictment.

Count 1 alleges a conspiracy to possess with intent to distribute and to distribute quantities of mixture or substance containing cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. Sec. 841(a)(1), all in violation of 21 U.S.C. Sec. 846. (Dkt. 879-3, pp. 1-2).

The Court notes that, at the time of Defendant Lee's conviction, controlling law held "that the weight or quantity of a controlled substance is not an element of the offense that must be included in a Sec. 841(a)(1) indictment." ***United States v. Perez***, 960 F.2d 1569, 1574 (11th Cir. 1992)(citing ***United States v. Williams***, 876 F.2d 1521, 1524-25 (11th Cir. 1989)). The Supreme Court later decided ***Apprendi v. New Jersey***, 120 S.Ct. 2348 (2000)(endorsing the rule in ***Jones v. United States***, 526 U.S. 227 (1999)(any fact (other than prior conviction) that increases maximum penalty for crime must be charged in the indictment, submitted to a jury, and proven beyond reasonable doubt.)).

In the Government's Information and Notice of Prior Convictions (Dkt. 879-30), the Government states:

> 2. The government hereby gives notice that the penalty provision of 841(b)(1)(A)(iii) is applicable to Count 1 of the indictment as it pertains to the defendant, that is, that the offense involved 50 grams or more of a mixture and substance containing cocaine base.

(Dkt. 879-30, p. 1).

The Eleventh Circuit has held that where drug quantity is not charged in the indictment nor proven to the jury, the defendant had to be sentenced without reference to drug quantity. ***United States v. Rogers***, 228 F.3d 1318, 1327 (11th Cir. 2000)(vacating sentence and remanding). ***Rogers*** was abrogated by ***United States v. Sanchez***, 269 F.3d 1250 (11th Cir. 2001)(indictment did not allege drug quantity but no prejudice since defendants were sentenced below maximum; there is constitutional error in a defendant's sentencing procedures when drug quantity increases a defendant's sentence beyond the prescribed statutory maximum under Sec. 841(b)(1)(C), unless it was submitted to a jury and proven beyond a reasonable doubt).

The Government argues that constitutional concerns in ***Apprendi*** are beyond the scope of First Step cases.

The Court notes that other courts have applied the ***Apprendi*** rule in First Step Act re-sentencings. ***See, e.g., United States v. Stone***, 2019 WL 2475750 (N.D. Ohio, Eastern Div.., 6/13/2019)(citing cases).

In this case, the jury did not determine a drug quantity as to Count 1; Defendant Lee was sentenced based on the findings of the sentencing judge as to drug quantity, and Defendant Lee's sentence was enhanced for two prior felony convictions. As to Count I, the Court will adopt the lowest drug quantity category when considering Defendant Lee's new sentence under the First Step Act. Offenses involving less than 28 grams of crack cocaine are subject to a statutory sentencing range of up to 20 years, with an enhancement of up to 30 years for defendants with a prior felony conviction. At the time of sentencing, Defendant Lee had a prior felony drug conviction. Therefore, Defendant Lee statutory maximum for the lower quantities applicable under ***Apprendi*** is 30 years, or 360 months, followed by a term of supervised release of 6 years, concurrent.

Count 15 alleges possession with intent to distribute 50 grams or more of crack cocaine. The Government agrees that Section 404 lowered the statutory penalty range to 10 years to life Imprisonment, and at least an 8-year term of supervised release. The Government opposes any sentence reduction as to Count 15.

The Court notes that according to the Amended Guideline Range for a total offense level of 42, Criminal History Category III, the advisory range is 360 months to life. After considering the reduced penalty range, the amended guideline range, Defendant Lee's post-conviction progress, Defendant Lee's disciplinary history, and the Section 3553(a) factors, the Court grants Defendant Lee's Motion for Sentence Reduction as to Count 15. Defendant Lee's sentence on Count 15 is reduced to 360 months, to be followed by a term of supervised release of 8 years, concurrent. Accordingly, it is

**ORDERED** that *pro se* Defendant Jeffrey Eugene Lee's Motion for Sentence Reduction is **granted**; the term of imprisonment as to Count 1 is reduced from life imprisonment to 360 months or time served, whichever is greater, the term of supervised release is reduced from 10 years to 6 years, concurrent; the term of imprisonment as to Count 15 is reduced from life imprisonment to 360 months or time served, whichever, is greater; the term of supervised release is reduced from 10 years to 8 years, concurrent. All other terms and conditions of the prior judgment are incorporated by reference and remain unchanged.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 9th day of December, 2019.

ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:

All parties and counsel of record

***Pro Se*** Defendant:

Jeffrey Eugene Lee
42287-019
Federal Correctional Complex USP-2
P.O. Box 1034
Coleman, FL    33521